**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 24, 2026

By ECF
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Catota Pallo v. Catletti*, No. 26-cv-6128 (PAE)

Dear Judge Engelmayer:

This Office represents the government in the above-referenced habeas corpus action. I write respectfully to inform the Court that venue appears improper in the Southern District of New York. I respectfully request that the Court identify the time of filing of the petition, and to transfer the case to the proper district based on where Petitioner was located at that time.

On July 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner in New York, and he was initially detained at Orange County Jail in Goshen, New York. On July 20, 2026, Petitioner was transferred to the Miami Correctional Facility in Bunker Hill, Indiana. ICE reports that Petitioner was booked out of Orange County Jail at 6:15 a.m. on July 20, and transported to Newark Liberty International Airport. That same day, Petitioner boarded a flight bound for Indianapolis, which departed at about 10:50 a.m. and landed at the Indianapolis International Airport at about 12:25 p.m. Petitioner was then transported to the Miami Correctional Facility in Bunker Hill, Indiana, where he was booked in at 2:15 p.m. on July 20. At some time in the afternoon of July 20, this habeas corpus action was filed.[1]

Given the foregoing, this Court lacks habeas jurisdiction over this matter, as venue is improper in the Southern District of New York. The Supreme Court has made clear that in "core" habeas petitions—*i.e.*, petitions like the instant one that challenges the petitioner's present physical

[1] The precise time that the habeas petition was filed with the Court is currently unknown, as the action was commenced through a next friend who presumably emailed the habeas petition to the Pro Se Intake Unit/Clerk's office on July 20. The case was opened at 4:11 p.m. on July 20, but because this is a pro se matter, the petition would have been submitted to the court before that time. I reached out to Petitioner's next friend to ascertain the time of filing, but as of this filing today, I have not received a response. Thus, I respectfully request that the Court direct the Clerk to identify the time of filing (i.e., the time that the Pro Se Intake Office/Clerk's Office received the petition), and to transfer the matter to the proper district based on the time of filing. *See, e.g.*, *Hernandez v. Francis*, No. 26-cv-1440 (GHW), ECF Nos. 6 (Gov't Ltr), 7 (Transfer Order) (identifying time the petition was emailed to the Court and transferring to the proper district).

confinement—the petitioner must file the petition in the district in which he is confined (*i.e.*, the district of confinement) and name his warden as the respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004); *accord Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement." (cleaned up)); *Öztürk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025) (same). Petitioner was not present or detained within the Southern District of New York at the time this action was filed. Rather, at the time the petition was filed, Petitioner was likely located in Indiana. Petitioner's location at the time of filing is dispositive. Thus, this Court did not acquire habeas jurisdiction over this matter, and venue is improper in this district.

Assuming that the habeas petition was filed while Petitioner was located in Indiana, the Court should transfer the petition to the appropriate district.[2] *See, e.g.*, *Khalil v. Joyce*, 771 F. Supp. 3d 268, 291 (S.D.N.Y. 2025) (holding that the court lacked jurisdiction over the habeas petition because the petitioner "was detained in the District of New Jersey at the time his lawyer filed the Petition," and further transferring the case to the District of New Jersey "given that the District of New Jersey is the one and only district in which [the petitioner] could have filed his Petition when he did"); *accord Öztürk*, 136 F.4th at 391 (finding that the District of Vermont was the only district where the petition could have been filed because that is the district in which the petitioner was located, even though she was currently in a van being transported).

Accordingly, to avoid delay in having this matter heard by the proper court, I respectfully request that the Court confirm the time of filing, and, assuming that Petitioner was in fact located in Indiana at the time of filing, transfer this case to the proper district in Indiana, and waive the seven-day waiting period in Local Civil Rule 83.1. If the Court prefers that the government file a formal motion to transfer/dismiss, the government will do so upon the Court's request.

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: */s/ Brandon M. Waterman*
BRANDON M. WATERMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2743
E-mail: brandon.waterman@usdoj.gov

cc: Petitioner Pro Se (by mail)
Next Friend (by ECF)

[2] The Indianapolis International Airport is located in the Southern District of Indiana, whereas the Miami Correctional Facility is located in the Northern District of Indiana.

The Government's request is well-taken. The Court will reach out to the Office of Pro Se litigation to confirm the time of filing, and thereafter issue an Order reporting this information.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 24, 2026
New York, New York